## HALTOM v. CHEW.

No. 20213. Opinion Filed July 7, 1931.

A. J. Stevens, for plaintiff in error.

R. M. Chase and L. Z. Lasley, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Woods county by defendant in error, N. C. Chew, against the plaintiff in error, John W. Haltom, to recover money judgment for real estate commission.

The parties will be referred to as they appeared in the trial court.

The plaintiff alleged in his petition, in substance, that he and the defendant were engaged in the sale and transfer of real estate as real estate agents; that the defendant had listed with him certain real estate described in the petition; that defendant made an oral agreement with him, whereby he agreed that if plaintiff would find a buyer for said lands, he would pay him one-half of the commission; that plaintiff found a buyer and took him and showed him the premises; that later the buyer found by plaintiff purchased the lands; that defendant collected the commission in the sum of $400, and that one-half thereof is due plaintiff from defendant, for which demand has been made and refused. Prayed for judgment for $200 and costs.

Defendant filed answer by way of general denial.

The cause was tried to a jury which returned a verdict for plaintiff. Motion for new trial was filed and overruled, and the defendant brings the cause here for review.

Plaintiff in error's only contention set out and argued in his brief is his assignment in error No. 7, which is as follows:

"The evidence adduced on behalf of the plaintiff below, defendant in error, is wholly insufficient to support the verdict of the jury in the judgment of the court."

A review of the record discloses that the plaintiff and defendant were real estate agents; that they at times worked together and divided the commission, and several transactions were testified to where one of them had property listed and the other would find a buyer therefor and divided the commission. The evidence of plaintiff disclosed that while plaintiff and defendant were out looking for places to sell, defendant advised plaintiff he had the lands described in petition, for the sale of which commission is claimed, listed, and advised

plaintiff that there was a $500 commission on it if "we can sell it." Later plaintiff advised defendant of a prospective buyer, and plaintiff and defendant together got the buyer and showed him the place; that later the same person to whom plaintiff and defendant showed the property purchased the lands, and defendant collected the entire commission.

The cause having been tried before a jury, and the jury returning a verdict for the plaintiff, this court will not disturb the judgment rendered on such verdict where there is any competent evidence reasonably tending to support the verdict, and there being competent evidence reasonably tending to support the verdict, the judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.